# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: )<br>)<br>JONATHAN R. BOISSEAU )<br>                                         Debtor(s)          ) | CASE NO.  05-10188 |
| WELLS FARGO HOME MORTGAGE,<br>    INC.<br>                                        Plaintiff(s)<br>v.<br>MARK H. FLENER, et al.<br>                                  Defendant(s) | AP NO.  08-1026 |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion for Partial Summary Judgment of Defendant Jonathan Boisseau ("Debtor").  The Court reviewed the Motion and Supporting Memorandum of Law of Debtor and the Response to the Debtor's Motion of Plaintiff Wells Fargo Home Mortgage, Inc. ("Wells Fargo").  The Court finds there are no genuine issues of material fact and Debtor is entitled to partial summary judgment as a matter of law.

## FINDINGS OF FACT

On November 10, 2003, Wells Fargo loaned Debtor $63,000 which was secured by real property of the Debtor.  Debtor defaulted on the loan and Wells Fargo instituted a foreclosure action against Debtor in Logan County, Kentucky. The real estate was sold by the Logan County Master Commissioner on September 14, 2006, for $77,297.  Wells Fargo was the successful bidder.  It

immediately assigned its bid to Federal Home Loan Mortgage Corporation who then sold the property to NAI Construction, LLC for $38, 400.

Debtor had a manufactured mobile home on the real estate. On March 27, 2007, Wells Fargo filed a supplemental complaint in the foreclosure action alleging that subsequent to the sale of the real estate by the Master Commissioner, it discovered that Debtor had a mobile home on the real estate. Wells Fargo asserted an interest in the mobile home. There was no security interest of Wells Fargo noted on the Certificate of Title to the mobile home as required by KRS 186A.190, nor had the Debtor executed and filed an affidavit converting the mobile home to real estate pursuant to KRS 186A.297. NAI Construction, LLC claims the mobile home as its own property.

Debtor filed his Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code on February 8, 2005. The Debtor's case was converted to one under Chapter 7 of the United States Code on May 24, 2005. Defendant Mark H. Flener ("Trustee") was appointed as the Chapter 7 Trustee on the case.

On September 7, 2005, the Court entered an Order of Discharge in Debtor's Chapter 7 case.

On December 27, 2005, the Trustee filed his report certifying that there were no assets to administer in Debtor's case.

On December 28, 2005, a Final Decree was entered, Trustee was discharged and the Debtor's bankruptcy case was closed.

On August 20, 2007, Trustee filed a Motion to Reopen the Debtor's case in order to administer the mobile home.

**CONCLUSIONS OF LAW**

In order to prevail on a Motion for Summary Judgment, the Movant must meet the statutory criteria set forth in Rule 56 of Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Where the material facts are not in dispute, the sole issue is whether the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The undisputed material facts establish that Defendant Boisseau is entitled to summary judgment as a matter of law against Wells Fargo.

Debtor claims the debt owed by Debtor to Wells Fargo that was secured by real property underlying the mobile home was satisfied when the property was sold by the Logan County Commissioner. Debtor claims he no longer owes any funds to Wells Fargo on the debt.

Article III of the Constitution provides that federal courts may only hear cases or controversies. Art. III, sec. 2, d.1. Standing is an essential part of the case or controversy requirement. The constitutional minimum requirements of standing are an actual injury or an injury in fact that can be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Here, Wells Fargo's injury was either redressed when the property was sold by the Logan County Master Commissioner and its debt satisfied or any deficiency was discharged in Debtor's underlying bankruptcy case. Wells Fargo did not properly perfect a lien on the mobile home, nor did Debtor take the necessary steps to convert it to realty as required by KRS 186A.190 and 186A.297. Had that occurred (and it did not) Wells Fargo could have asserted its lien on the real estate extended to the mobile home as well. Absent such, Wells Fargo has no justiciable claim or standing as a matter of law.

The Court reopened this bankruptcy case on the Trustee's motion in order for the Trustee to administer any interest the estate may have in the mobile home. Although Trustee had previously

abandoned the mobile home, technical abandonment is revocable. See, LPP Mortg., Ltd. v. Brinley, 547 F.3d 643 (6th Cir. 2008).  The Trustee is therefore entitled to revocation of his abandonment of the mobile home.  Wells Fargo is not entitled to a judgment declaring the Trustee's abandonment of the mobile home irrevocable.

NAI Construction, LLC has notified the Debtor that it claims an interest in the mobile home. The Trustee is unable to administer this asset unless all indispensable parties claiming an interest in the mobile home assert their claims.  Wells Fargo is not one of those parties.

## **CONCLUSION**

For all of the above reasons, the Motion for Partial Summary Judgment of Defendant Jonathan Boisseau is **GRANTED**.  A Judgment accompanies this Memorandum-Opinion.

## UNITED STATES BANKRUPTCY COURT
## FOR THE
## WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: )<br>    JONATHAN R. BOISSEAU )<br>                                        )<br>                      Debtor(s)  ) | CASE NO. 05-10188 |
| WELLS FARGO HOME MORTGAGE, INC. )<br>                      Plaintiff(s) )<br>v.  )<br>MARK H. FLENER, et al.  )<br>                      Defendant(s) ) | AP NO. 08-1026 |

## JUDGMENT

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Partial Summary Judgment of Defendant Jonathan Boisseau, be and hereby is, **GRANTED**. There are no genuine issues of material fact and Defendant Jonathan Boisseau is entitled to a partial summary judgment as Wells Fargo does not have standing to assert an interest in the mobile home. Wells Fargo did not properly perfect an interest in the mobile home as required by KRS 186A.297, nor was the mobile home converted to converted to realty as required by KRS 186A.190. The Trustee's technical abandonment of the mobile home is revoked and the Trustee is entitled to take all actions necessary to administer any interest of the estate in the mobile home.

This is a final and appealable Judgment. There is no just reason for delay.